*384
 

 By the Court.
 

 Booth,
 
 Chief Justice:
 

 To obtain the sale of real estate under a judgment, the creditor issues a fieri facias, by, virtue of which, the sheriff takes the land in execution. If, upon the return of the writ, it appears by the inquisition annexed to it, that the clear yearly rents and profits are not sufficient within seven years, to satisfy the debt or damages in the writ mentioned, and other judgments and liens against the defendant, a venditioni exponas issues to sell the lands. Under this writ, they are put up, on written conditions of sale, and struck off to the highest and best bidder. By a memorandum in writing, at the foot of the conditions, he acknowledges himself under his hand and seal to be the purchaser, and engages to comply in all respects, with the conditions; among which are the payment of ten per centum of the purchase money on the property being struck off, and the residue on the return day of the writ. Upon the execution of such an agreement, in what position is the purchaser placed? The contract of sale is complete, and he is bound to fulfil it. He. stands in the same situation with the purchaser of real estate at auction, or with the purchaser by private agreement. In each case, the vendee is considered as the equitable owner from the time of signing the agreement or contract of sale. He is bound to pay the purchase money according to the terms of his contract. He is entitled to any increase of value or other benefit that may accrue to the propertyl between the time of signing the agreement and the execution of the! deed of conveyance; and is liable to any loss or injury that may! happen to the property within the same period. Such, in our opinion, is the position in which the law places the purchaser at sheriff’s sale.l It is incorrect to say, that his title does not accrue until the sale isl confirmed by the court; because no confirmation of the sale by the) court, is required by our law or practice; nor any examination of the sheriff’s return, or of his proceedings under the writ: and no action of the court in relation to the sale is had, unless a rule be obtained to show cause why it should not be set aside. This rule is| usually granted for some defect or irregularity in the process, m mode of conducting the sale, or for neglect of duty or misconduct or the part of the sheriff, or some other sufficient matter; and proceeds merely from the exercise of that control or authority over its owi process, which the court would exert in any other case, for the cor-l rection of abuse or prevention of injury.
 

 The title then of a purchaser at sheriff’s sale under execution pro-1
 
 *385
 
 cess does not depend on any direct action of the court in relation to the sale; but commences with the property being struck off to him, and his signing the agreement; and is consummated by the sheriff’s deed; which passes the legal estate, and has relation back to the day of sale. The purchaser in the present case, having an equitable title to the tract of land sold to him under the venditioni exponas, was entitled to, and might have obtained, had he chosen to apply for it, an injunction from the Court of Chancery to stay the commission of waste by the defendant; upon the ground, that the injury was irreparable, and there were no means at law of preventing or redressing it. The purchaser resided in the vicinity of the tract of land; had knowledge or information that the defendant was committing waste, and took no means to prevent it. If this sale be set [aside, a second sale, as remarked by, the counsel opposing the rule, [must also be set aside, if the defendant commits waste after the sale land before the return of process.
 

 Rodney,
 
 for the purchaser.
 

 Gray,
 
 contra.
 

 The Court
 

 consider that there are no sufficient grounds for setting pside the sale; and, therefore, that the rule be discharged.
 

 Rule discharged.